UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADOLPHUS GILBERT,

Plaintiff,

v. Case No. 8:25-cv -1500-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.
_____________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability and SSI (Tr. 198–205, 206–209). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 86–87, 97–101, 108–111, 112–115).

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff then requested an administrative hearing (Tr. 116). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 58–77). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 39–53). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–10). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1974, claimed disability beginning December 5, 2022 (Tr. 198). Plaintiff obtained a high school education (Tr. 48, 248). Plaintiff's past relevant work experience included work as car detailer and pressure washer (Tr. 248). Plaintiff alleged disability due to diabetes and herniated disc in back and neck (Tr. 247).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 5, 2022, the alleged onset date (Tr. 44). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: Degenerative Disc Disease of the Cervical Spine, Diabetes, Hypertension and Obesity (Tr. 44). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 45).

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry up to 20 pounds occasionally and lift and or carry up to 10 pounds frequently. The claimant can stand and or walk for approximately 6 hours per 8-hour workday and sit for approximately 6 hours per 8-hour workday with normal breaks. The claimant can occasionally perform postural activities including climbing ladders, ropes, or scaffolds, climbing ramps or stairs, balancing, stooping, crouching, kneeling, and crawling.

(Tr. 45). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 46).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff does not have past relevant work (Tr. 48). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cashier, cafeteria attendant, and marker (Tr. 49). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 49).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable

to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the

court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to adequately consider Plaintiff's subjective complaints of urinary urgency and frequency. For the following reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

A claimant's statements about symptoms alone cannot establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). In evaluating a claimant's subjective complaints of pain or other symptoms, an ALJ must determine whether there is an

underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptom arising from that condition or (2) evidence the condition is so severe that it can be reasonably expected to cause the alleged symptom. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the alleged severity of a claimant's symptom, but an impairment can be reasonably expected to cause that alleged severity, the ALJ must evaluate the intensity and persistence of the alleged symptoms and their effect on ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ must consider all evidence, including objective medical evidence and statements from the claimant and others. *Id.* §§ 404.1529(c)(2)–(3), 416.929(c)(2)–(3). The ALJ also must consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." *Id.* §§ 404.1529(c)(4), 416.929(c)(4).

If a claimant testifies as to his subjective complaints of disabling symptoms, as Plaintiff did here, the ALJ must clearly "articulate explicit and adequate reasons" for discrediting the claimant's allegations of completely disabling symptoms. *Foote*, 67 F.3d at 1561–62. "Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Id.* at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)). The credibility determination does not need to cite "'particular phrases or formulations'" but it cannot merely be a broad rejection which is "'not enough to enable [this Court] to

conclude that [the ALJ] considered her medical condition as a whole.'" *Id.* at 1561 (quoting *Jamison v. Bowen*, 814 F.2d 585, 588–90 (11th Cir. 1987)).

At the hearing, Plaintiff testified to frequent urination due to his diabetes and a gunshot wound (Tr. 67–69). Plaintiff initially testified that his urinary issues were related to his bladder reconstruction to remedy a gunshot wound, and that he had to use the restroom "usually, like every five to ten minutes" (Tr. 67–68). He subsequently testified: "I think that's from my diabetes, too. Because that, they told me that it could be from my diabetes. But I think it's from the gunshot wound. I don't know . . . what it's from. It could be from a combination of both" (Tr. 68). On questioning by counsel, the VE testified that an accommodation from an employer would be required if, in addition to normal work breaks, an individual required more than two unscheduled, five-minute breaks to use the restroom about everyday of the week (Tr. 76). In his opinion, the ALJ stated that Plaintiff "frequently urinates due to his diabetes" and cited the hearing transcript (Tr. 46). The ALJ then went on to detail the medical evidence as to Plaintiff's diabetes, obesity, and pain during physical examinations (Tr. 46–48). The ALJ did not mention Plaintiff's urinary complaints again, specifically in relation to the discussion about Plaintiff's diabetes (Tr. 46).

On this record, the Court finds that the ALJ failed to address Plaintiff's subjective complaints of frequent urination, such that it is obvious to this Court that the ALJ considered it. *Id.* at 1562. Instead, the ALJ merely offered "a broad rejection," *id.* at 1561, that "the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence" (Tr. 46). The ALJ did not refer to Plaintiff's urinary complaints again after recognizing that Plaintiff testified as to those issues at the hearing. Consequently, the Court is constrained to conclude that the ALJ erred by failing to consider Plaintiff's complaints of urinary frequency, and remand on this basis is required. *See Walker v. Bowen*, 826 F.2d 996, 1001–02 (11th Cir. 1987) (holding that the ALJ's failure to consider all impairments alleged requires remand because the ALJ is required to consider the combined effect of the claimant's impairments, including any resulting symptoms, in determining whether he is disabled). And while the Court agrees with the Commissioner's urging that there is scant, if any, evidence supporting Plaintiff's subjective allegation of urinary frequency (Doc. 20 at 4–6; Tr. 490, 494–95, 530), the Court can only rely on what the ALJ said, not on a post-hoc rationalization tendered by the Commissioner on appeal. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

This Court appreciates that the ALJ is not required to discuss every piece of evidence of detail. *Dyer*, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). But at a minimum, courts are satisfied when an ALJ states that a claimant's subjective complaints are not unsupported by the record medical evidence. *See, e.g.*, *Foote*, 67 F.3d at 1561–62; *Norton v. Comm'r of Soc. Sec.*, 607 F. App'x 913, 916 (11th Cir.

2015) ("[A]s the ALJ noted, Norton's subjective complaints were often not supported, and were sometimes contradicted, by objective findings in the medical records."); *Bannister v. O'Malley*, No. CV 123-116, 2024 WL 514901, at *6 (S.D. Ga. Feb. 9, 2024), *report and recommendation adopted*, No. CV 123-116, 2024 WL 917591 (S.D. Ga. Mar. 4, 2024) ("[T]he ALJ explained, 'the claimant's complaint of frequent urination is unsupported by the record; therefore, I have not included additional unscheduled breaks in my assessment of the residual functional capacity.'"). The ALJ here did not offer as much. Thus, the ALJ's opinion is not supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 11th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record